Shine v. Hill.

## SHINE, Trustee, v. HILL.

1. **Trust-deed:** INADEQUACY OF PRICE. The objection that the premises included in a deed of trust were sold for only one-third of their value, will not avail where the original purchaser was a stranger to the transaction, and the premises have in good faith been by him sold to another.

2. —— SALE IN PARCELS. Nor is the objection that the trustee should, under the circumstances of the case, have sold the property *en masse* instead of in parcels, available against such purchaser.

3. —— ADJOURNMENT. The same is said of the objection that the trustee should, in view of the small attendance at the sale and the inadequate price bid, have adjourned the sale.

4. —— NOTICE OF SALE. So, too, the objection that the notice of sale stated that "the whole amount mentioned in the deed of trust, with interest, was unpaid," when in fact all of the interest was not unpaid, is not available, when it is not shown that the statement was fraudulently made or that it worked any prejudice.

*Appeal from Dubuque District Court.*

TUESDAY, OCTOBER 22.

BILL TO SET ASIDE TRUSTEE'S SALE AND DEED: WHAT OBJECTIONS AVAILABLE AGAINST PURCHASER, ETC. — This suit is brought to set aside a trustee's sale of the property in controversy, and to foreclose a mortgage on the same premises in behalf of the plaintiff.

On the 14th day of July, 1858, Lawrence Malony and wife, executed to Wm. Newman, a deed of trust on the west half of lots 752 and 753, in the city of Dubuque, Iowa, to secure the payment of a note made by Malony to Thomas Delany for the sum of $1,500, payable in one year from its date. On default of payment the trustee was empowered to sell the premises, and execute to the purchaser a deed for the same, or for so much as might be sold.

On the 11th. day of August, 1858, Lawrence Malony (his wife not joining with him), executed to Eugene Shine, the plaintiff, a mortgage on the same property to secure the payment of a note made by Malony to the plaintiff, for the sum of $2,000, payable in two years from its date. The interest on the Delany note was paid from time to time, till in the fall of 1865, when steps were taken to have the deed of trust foreclosed by a sale of the premises. On the 27th day of October, 1865, the trustee, in pursuance of a previous notice, sold the pemises to defendant Hill, for the sum of $1,550, under a bid made by George Burton, as his agent, and afterward executed and delivered to him a deed for the same.

On the 16th day of November, 1865, and *prior* to the bringing of this suit, Hill, the purchaser. at the trustee's sale, entered into a written contract with the defendant Judd, for the sale of the property to him. Judd paid to Hill at the time the contract was made the sum of $200, and agreed therein to pay $2,300 additional on the 20th day of December, 1865, and on that day to execute his notes for $2,800, the balance of the purchase-money.

This contract provided that if Judd failed to pay this additional sum and to give his notes on the 20th of December, his rights under the contract, and the $200 paid thereon, were to be forfeited. Time and strict performance on the part of Judd were, by the contract, made of its essence.

The petition in this cause was filed on the 29th day of November, 1865, and made Hill, Newman, Delany and Mrs. Malony, and none others, defendants. The object of the petition is to set aside the trustee's sale and deed to Hill.

Subsequently, but not until the 20th day of March, 1866, Judd was made a party defendant, and charged with notice of the plaintiff's rights and equities.

The answers put in issue all of the material averments of the petition.

Upon a hearing on the merits the petition was dismissed, and the plaintiff appeals.

*Allison, Crane & Rood*, and *Shiras, Ballou & Van Duzee* for the plaintiff.

*Griffith & Knight, D. E. Lyon* and *E. McCeeney* for the defendants.

DILLON, J. — Before adverting to the special objections to the trustee's sale, it is important to ascertain the position of the defendant Judd, the present owner. For it might be that the plaintiff would be entitled to relief against Hill, and yet not be entitled to have the sale set aside as against Judd, the purchaser from Hill. At the time Judd purchased from Hill, the present bill was not pending. At the time the contract for the purchase was entered into between Judd and Hill, the former is not shown to have had any notice that the validity of Hill's title was in any manner questioned. He paid down in cash, at the time of the purchase, the sum of $200, and entered into a contract, stringent in its provisions, in relation to the consummation of his purchase on the 20th day of December next ensuing.

On the 4th day of December, plaintiff's attorney notified Judd that this suit was pending, and that Hill was not a *bona fide* purchaser of the premises, etc. But this was all. No indemnity was offered to Judd against the effect of a failure to comply with his contract previously entered into with Hill.

Accordingly, on the 20th of December, Judd, pursuant to his contract, paid Hill the $2,300, and gave his negotiable notes for the residue of the purchase-money.

We find no evidence in any manner impeaching the *bona fides* of the contract of purchase by Judd.

The objections made to the trustee's sale must be viewed from Judd's stand-point, and are decided with reference to his rights; but in thus saying, we are not to be understood as holding that those objections, or any of them, would have been available to set aside the sale to Hill, had he still retained the title.

The charge that the trustee did not act honestly and with reasonable diligence in making the sale, is not supported by the testimony.

It is objected that the premises were sold by the trustee for a grossly inadequate consideration, viz., for about one-third of their real value. If it be admitted that gross inadequacy of price alone would justify in any case the setting aside of a trustee's sale, and that a sale for one-third of the value would constitute such gross inadequacy, still it would be against principle to grant relief upon this ground, where, as in this case, the original purchaser was a stranger to the transaction, and the bill to question the sale is not filed until the premises have in good faith been bargained and sold to another.

1. TRUST-DEED: inadequacy of price.

And we make the same answer to the objection that the trustee should, under the peculiar circumstances of this case, have sold the property *en masse*, and not as he did, in parcels. Besides, it is not shown that the premises would have brought more if sold in a lump than if sold in parcels. The proof of prejudice from the mode of sale adopted, is not sufficiently established to justify relief upon this ground, even against the immediate purchaser at the sale.

2. —— sale in parcels.

To the objection that the trustee should, in view of the small attendance at the sale, and the inadequate price bid, have *adjourned* the sale, we

3. —— adjournment.

Shine v. Hill.

answer that whatever effect it might have if the creditor had been the purchaser, or combined with other circumstances, it comes too late when relief upon this ground is not sought until third parties, acting in good faith, have acquired rights.

It is objected that the trustee's sale is void, because of misstatements in the trustee's notice of sale respecting the amount due. This notice stated that "the whole amount mentioned in the trust-deed, with interest, was unpaid." All of the interest was not unpaid. It is claimed that this statement meant that the whole amount of interest from the date of the deed of trust was unpaid.

4. —— notice of sale.

Such is not the necessary meaning, and there is no evidence that this statement was fraudulently made, or that it did or could work any prejudice to the plaintiff. The objection is not available as a ground to set aside the sale of the property in the hands of the defendant, Judd.

A large amount of testimony was taken to establish that Mrs. Malony (widow of the grantor in the deed of trust), her brother Quigly, and Benton, agent of Hill, entered into a conspiracy to make a secret sale of the property in order to cut off or defeat the plaintiff's lien.

In view of the positive and direct denials, under oath, of all of these parties of the truth of this charge, we cannot, notwithstanding the suspicions engendered by certain portions of the evidence, hold the charge to be established. The court unite in reaching this conclusion; and it would serve no useful purpose to enter into a detailed examination of the testimony.

Affirmed.